# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| J. MICHAEL STILES,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DENICE DEYOTT, ROSS SWANSON, KRISTY COBBAN, TOM WOOD, MIKE FERRITER,<br><br>　　　　Defendants. | Cause No. CV 11-77-H-DWM-RKS<br><br>ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS |

## I. SYNOPSIS

Plaintiff Mr. J. Michael Stiles's filed a Motion to Proceed in Forma Pauperis C.D. 1, proposed Complaint C.D. 2, and proposed Amended Complaint. C.D. 9. The Motion to Proceed in Forma Pauperis will be granted. Mr. Stiles alleges Defendants denied his magazine subscriptions because they are not addressed to the name under which he was incarcerated and that Defendants have been opening and reading his court/legal mail. Because Mr. Stiles's allegations fail to state a federal claim, this case should be dismissed.

## II. JURISDICTION AND VENUE

The Court has personal jurisdiction over the named parties. This action presents a federal question over which jurisdiction lies pursuant to 28 U.S.C. §

1331, 28 U.S.C. § 1343(a), and 42 U.S.C. § 1983.  Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391 and Local Rule 1.11(a)(2)(C).

This proceeding was referred to this Court pursuant to Local Rule 73 and 28 U.S.C. § 636(b)(1).

### III.  MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Stiles submitted a declaration and account statement sufficient to make the showing required by 28 U.S.C. §1915(a).  The request to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Mr. Stiles must pay the statutory filing fee of $350.00.  Mr. Stiles submitted an account statement showing average monthly deposits of $337.11 over the six months immediately preceding the filing of this action.  Therefore, an initial partial filing fee of $67.42 will be assessed by this Order.  See 28 U.S.C. § 1915(b)(1)(B) (allowing an assessment in the amount of 20% of the prisoner's average monthly deposits).  A separate order will direct the agency having custody of Mr. Stiles to collect the initial partial filing fee from Mr. Stiles's account and forward it to the Clerk of Court.

Thereafter, Mr. Stiles must make monthly payments of 20% of the preceding month's income credited to his prison trust account.  The percentage is set by statute and cannot be altered.  See 28 U.S.C. § 1915(b)(2).  By separate order, the

agency having custody of Mr. Stiles will be directed to forward payments from Mr. Stiles's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## IV. STATEMENT OF CASE

### A. Parties

Mr. Stiles is a prisoner proceeding without counsel. He is incarcerated at Montana State Prison in Deer Lodge, Montana. The named defendants are Denice Deyott, Mailroom Director; all mailroom staff at Montana State Prison; Ross Swanson, Assistant Warden; Kristy Cobban, Grievance Investigator; and Michael Ferriter, Director of the Montana Department of Corrections. C.D. 9, p. 3.

### B. Factual Allegations

Mr. Stiles alleges that since May 3, 2011 he has been denied his magazine subscriptions because they were addressed to J. Michael Stiles instead of James Michael Stiles. He also contends that since he originally filed this case, Defendants have been opening and reading his court/legal mail. C.D. 9, p. 4.

He seeks approximately three million, four hundred thousand dollars in compensatory damages; ten million, eight hundred thousand dollars in punitive damages; and two million, two hundred and thirty-two thousand dollars in nominal damages. He also asks that the denial of his magazines and the opening of his

court/legal mail be enjoined. C.D. 9, p. 5.

## V. 28 U.S.C. §§ 1915(e)(2), 1915A REVIEW

Mr. Stiles is a prisoner proceeding in forma pauperis so his Complaint is reviewed under 28 U.S.C. § 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of a pro se prisoner complaint before it is served upon the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." Erickson v. Pardus, 551 U.S. 89, 94 (2007); Cf. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial

justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez, 203 F.3d. at 1127 (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)).

## VI. ANALYSIS

Prisoners retain those First Amendment rights not inconsistent with their status as prison inmates or with legitimate penological objectives of the corrections system. Pell v. Procunier, 417 U.S. 817, 822 (1974). Thus, a prison regulation restricting a prisoner's receipt of mail "is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987). Four factors are relevant to determine whether a particular regulation is reasonable: (1) whether there is a " 'valid, rational connection' between the prison regulation and the legitimate governmental interest put forward to justify it"; (2) "whether there

are alternative means of exercising the right that remain open to prison inmates;" (3) "the impact accommodation of the asserted constitutional right will have on guards and other inmates and on the allocation of prison resources generally;" and (4) "the absence of ready alternatives." Turner, 482 U.S. at 89–90.

A prisoner's First Amendment right to receive mail is subject to "substantial limitations and restrictions in order to allow prison officials to achieve legitimate correctional goals and maintain institutional security." Walker v. Sumner, 917 F.2d 382, 385 (9th Cir. 1990). Prison administrators can also impose burdens on the senders of incoming inmate mail, such as requiring them to include their full name and complete return address on the outside of all prisoner correspondence. Morrison v. Hall, 261 F.3d 896, 906 (9th Cir. 2001).

Courts owe "substantial deference to the professional judgment of prison administrators." Overton v. Bazzetta, 539 U.S. 126, 132 (2003). The policies of the prison must be evaluated with regard for the inordinately difficult undertaking that is modern prison administration, recognizing that certain proposed interactions, though seemingly innocuous to laymen, have potentially significant implications for the order and security of the prison. Hrdlicka v. Reniff, 631 F.3d 1044, 1050 (9th Cir. 2011)(quoting Thornburgh v. Abbott, 490 U.S. 401, 407 (1989), and Turner, 482 U.S. at 85) (internal quotation marks omitted).

In <u>Riggins v. Clarke</u>, 403 Fed.Appx. 292 (9th Cir. 2010), the Ninth Circuit upheld a prison policy requiring prisoners to place their committed name before any other official or religious name on all correspondence finding such a policy was justified under <u>Turner</u> by the need for orderly and efficient administration of prison mail.

Similarly, the requirement here that Mr. Stiles have his committed name on all correspondence would be justified under <u>Turner</u> by the need for orderly and efficient administration of prison mail. Mr. Stiles does not allege that he cannot receive mail that is properly addressed. As Director Ferriter stated in response to Mr. Stiles's grievance appeal, "Inmate Stiles simply needs to clarify his legal name with those who write to him." C.D. 2-1, p. 24. Thus, there is an obvious alternative means of Mr. Stiles exercising his First Amendment rights. He simply needs to notify the magazine publisher and other senders of his committed name.

**B. Opening of Court mail**

Mr. Stiles's second allegation also fails as a matter of law. Prison officials may open and inspect mail to prisoners from courts outside the prisoner's presence because mail from courts, as opposed to mail from a prisoner's own lawyer is not "legal mail." <u>See Kennan v. Hall</u>, 83 F.3d 1083, 1094 (9th Cir. 1996) amended, 135 F.3d 1318 (9th Cir. 1998).

## VII. CONCLUSION

Taking Mr. Stiles' allegations as true and construing them in the light most favorable to him, he has failed to state a federal claim upon which relief may be granted. These are not defects which could be cured by the allegation of additional facts. He has failed to state a claim and this case should be dismissed.

### A. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act (PLRA) prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). The Court should designate this case as a "strike" under this provision because Mr. Stiles's allegations fail to state a claim upon which relief may be granted.

### B. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

[A] party who was permitted to proceed in forma pauperis in the
district-court action, or who was determined to be financially unable
to obtain an adequate defense in a criminal case, may proceed on
appeal in forma pauperis without further authorization, unless:
(A) the district court-before or after the notice of appeal is
filed-certifies that the appeal is not taken in good faith or finds that the
party is not otherwise entitled to proceed in forma pauperis and states
in writing its reasons for the certification or finding;

Fed. R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke, 490 U.S. at 325, 327; Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984).

The record makes plain the instant case is frivolous as it lacks arguable substance in law or fact. Mr. Stiles's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit. The Court should certify that any appeal of this matter would not be taken in good faith.

**C. Address Changes**

At all times during the pendency of this action, Mr. Stiles SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and

its effective date, except if Mr. Stiles has been released from custody, the notice should so indicate.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **ORDERED:**

    1.  Mr. Stiles's Motion to Proceed in Forma Pauperis C.D. 1 is granted.  The Clerk shall file the Complaint without prepayment of the filing fee.  An initial partial filing fee of $67.42 will be assessed.

    2.  The Clerk shall edit the docket text for the Complaint C.D. 2 to remove the word "LODGED" and the Complaint is deemed filed on December 30, 2011.

It is **RECOMMENDED:**

    1.  Mr. Stiles's Complaint C.D. 2 should be dismissed for failure to state a claim upon which relief may be granted.

    2.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

    3.  The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Mr. Stiles's Complaint fails to state a claim upon which relief may be granted.

    4.  The Clerk of Court should be directed to have the docket reflect that the

Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS &
RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Stiles may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Mr. Stiles files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation. Failure to assert a relevant fact or argument in objection to these Findings and Recommendations may preclude Mr. Stiles from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de

novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 15th day of March, 2012.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge