

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| J. MICHAEL STILES, | ) | CV 11-77-H-DWM-RKS |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| DENICE DEYOTT, ROSS SWANSON, | ) | |
| KRISTY COBBAN, TOM WOOD, | ) | |
| MIKE FERRITER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff J. Michael Stiles filed an amended complaint, alleging that his magazine subscriptions were improperly denied and that mailroom staff at the prison opened and read his court or legal mail. The matter was referred to Magistrate Judge Strong under 28 U.S.C. § 636(b). Judge Strong issued his Findings and Recommendation on March 15, 2012. He recommends that Stiles's complaint be dismissed for failure to state a claim upon which relief may be

1

granted.

Stiles timely objected to Judge Strong's Findings and Recommendations. He is therefore entitled to de novo review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendation not specifically objected to are reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

## BACKGROUND

Stiles is incarcerated at the Montana State Prison in Deer Lodge, Montana and is proceeding pro se. The defendants are: Denice Deyott, Mailroom Director at the Prison; all Mailroom staff; Ross Swanson, Assistant Warden; Kristy Cobban, Grievance Investigator; and Michael Ferriter, Director of the Montana Department of Corrections.

Stiles claims that the defendants have denied him his magazine subscriptions because they were addressed to "J. Michael Stiles" instead of "James Michael Stiles," the name under which he was incarcerated. He also claims that the defendants have been reading his court or legal mail. Stiles asks for millions of dollars in damages and asks that the Court order the defendants to provide him his magazines and to cease opening and reading his mail.

Judge Strong concluded that Stiles has failed to state a claim on which relief may be granted because (1) prisons may require inmates to use their committed names on mail that is sent to them and (2) prison officials may open court mail (as opposed to mail from the prisoner's attorney). Stiles offers blanket objections to Judge Strong's Findings and Recommendations and asks that the Court allow him to amend his complaint. The Court agrees with Judge Strong's Findings and Recommendations regarding the denial of the magazine subscriptions and adopts them in full. But, with regard to the Stiles's court or legal mail, the Court will allow Stiles an opportunity to amend his complaint.

## ANALYSIS

Since Stiles is a prisoner proceeding *in forma pauperis*, the Court reviews his complaint under 28 U.S.C. §§ 1915, 1915A. Those statutes permit a court to dismiss a pro se prisoner complaint before it is served on the defendants if the complaint is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* at §§ 1915A(b), 1915(e)(2)(B).

The Court dismisses Stiles's claim regarding his magazine subscriptions because he fails to state a claim upon which relief may be granted. As Judge Strong discussed, prison staff may require prisoners to use their committed names

3

on incoming mail. *See Riggins v. Clarke*, 403 Fed. Appx. 292 (9th Cir. 2010); *Morrison v. Hall*, 261 F.3d 896, 906 (9th Cir. 2001). Judge Strong determined that the requirement that Stiles have his committed name on all correspondence is justified by the need for orderly and efficient administration of prison mail. In his objections, Stiles does not confront the legal basis for Judge Strong's recommendations and therefore has failed to provide the Court with any ground upon which it might decide the issue differently.

As to Stiles's court or legal mail, prison staff may open a prisoner's mail from courts (i.e., "court mail"), as opposed to mail from the prisoner's attorney (i.e., "legal mail"). *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996), *amended*, 135 F.3d 1318 (9th Cir. 1998). But, "[L]egal mail may be opened in the presence of the addressee and . . . prison officials can require both that the letters be specially marked with the name and address of the attorney and that the attorney first communicate with prison officials." *Sherman v. McDougall*, 656 F.2d 527, 528 (9th Cir.1981) (citing *Wolff v. MacDonald*, 418 U.S. 539, 575–77 (1974)). "Legal mail" in the context of the First Amendment generally refers to only correspondence between a prisoner and his attorney. *See Wolff*, 418 U.S. at 575–76; *Keenan*, 83 F.3d at 1094. Stiles describes the mail here as "court/attorney legal mail" and "legal mail" and suggests that prison staff are opening his legal

4

mail, not court mail.

Stiles's principal objection is that the Court should grant him leave to amend his complaint. "Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) (citations and internal quotation marks omitted). The defects in Stiles's claim regarding the denial of his magazine subscriptions cannot be cured by amendment. As a result, the Court does not grant him leave to amend on this issue. But because Stiles could re-plead facts regarding his legal mail that could state a claim upon which relief may be granted, the Court grants him leave to amend on this issue.

IT IS ORDERED that J. Michael Stiles's claim regarding the denial of his magazine subscriptions (doc. 9) is DISMISSED for failing to state a claim upon which relief may be granted.

IT IS FURTHER ORDERED that Stiles may amend his complaint (doc. 9) as it relates to his claim that prison mailroom staff are opening and reading his legal mail. Stiles may amend only this claim and must do so within 21 days of the date of this order.

Dated this 20th day of April 2012.

_____
Donald W. Molloy, District Judge
United States District Court